## ANDGOULAPOS et al. v. JOHNSON et al.

No. 6381.

United States Court of Appeals
Fourth Circuit.

Argued March 10, 1952.

Decided April 3, 1952.

J. L. Morewitz, Newport News, Va. (Morewitz & Morewitz and B. M. Morewitz, all of Newport News, Va., on brief), for appellants.

Abraham Scharf, Naturalization Examiner, U. S. Immigration and Naturalization Service, New York City (A. Carter Whitehead, U. S. Atty., Richmond, Va., and Charles R. Dalton, Jr., Asst. U. S. Atty., Norfolk, Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order discharging a writ of habeas corpus issued in behalf of two foreign seamen ordered deported in a deportation proceeding instituted by officials of the Immigration and Naturalization service. The order discharging the writ was entered on October 12, 1951, after an oral opinion from the bench announced on September 25, 1951. Following this opinion the seamen filed a petition for a declaratory judgment, which was denied on the same ground as that upon which the discharge of the writ of habeas corpus was based, i. e. that the seamen were properly held in custody under a valid deportation warrant. Appeal from both orders was taken on November 7, 1951.

Before the appeal was taken, viz. on October 9, 1951, both appellants signed statements that they did not desire to appeal from the decision of the Commissioner of Immigration and Naturalization ordering their deportation and that they wished to be deported to Poland. A warrant directing their deportation was accordingly issued on October 9, 1951, and on the same day they were removed to Ellis Island, New York, for deportation. The appellants, before the entry of their appeal to us, had thus abandoned the proceedings which had been instituted in their behalf in the court below and had consented that they themselves be removed beyond the jurisdiction of the court and beyond the control of Immigration and Naturalization officers over whom the courts of the Circuit could acquire jurisdiction. Under such circumstances, the case instituted in this Circuit should be dismissed. See U. S. ex rel. Innes v. Crystal, 319 U.S. 755, 63 S.Ct. 1164, 87 L.Ed. 1708; Ex parte Endo, 323 U.S. 283, 304, 65 S.Ct. 208, 89 L.Ed. 243; Ahrens v. Clark, 335 U. S. 188, 193, 68 S.Ct. 1443, 92 L.Ed. 1898. If appellants have any rights which are being violated by proceedings taken after their removal to Ellis Island, they should seek relief in the courts there.

Appeal dismissed.